Filed 2/1/22  P. v. Gonzalez CA2/7
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B307148 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA056995) |
| v. | |
| DANIEL GONZALEZ, SR., | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Wyatt Bloomfield and Michael C. Keller, Deputy Attorneys General for Plaintiff and Respondent.

————————————

In 2010 a jury convicted Daniel Gonzalez, Sr., of two counts of attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 664)[1] and two counts of assault with a firearm (§ 245, subd. (a)(2)) arising from a gang-related shooting of two men. The jury also found true multiple firearm and gang enhancement allegations. The trial court sentenced Gonzalez to two consecutive life terms plus 45 years for the firearm enhancements. We affirmed. (*People v. Blanco* (Aug. 15, 2012, B227650) [nonpub. opn.].)

In June 2020 Gonzalez, representing himself, filed a petition for resentencing seeking to vacate his attempted murder conviction and be resentenced pursuant to section 1170.95. The trial court summarily denied Gonzalez's petition without appointing counsel on the basis Gonzalez was ineligible for resentencing as a matter of law because he was not convicted of murder. We again affirmed. (*People v. Gonzalez* (July 19, 2021, B307148) [nonpub. opn.].)

The Supreme Court granted review and transferred the case to us with directions to vacate our decision and reconsider Gonzalez's appeal in light of amendments to section 1170.95 by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022. In supplemental briefing Gonzalez again argues, the Attorney General now concedes, and we agree the superior court's order denying Gonzalez's petition should be reversed and the case remanded to the superior court for the court to appoint counsel for Gonzalez

---

[1]     Further statutory references are to the Penal Code.

and perform a prima facie review of Gonzalez's petition pursuant to section 1170.95, subdivision (c).

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.) The legislation also provided a procedure in new section 1170.95 for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (*Lewis*, at p. 959; *Gentile*, at pp. 842-843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1170.95, subdivision (b)(3). Further, upon the filing of a facially sufficient petition, the court must direct the prosecutor to file a response to the petition and permit the petitioner to file a reply, and the court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (See § 1170.95, subd. (c).) Where a petitioner carries the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the court

must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).)

At the time Gonzalez filed his petition, the Courts of Appeal agreed that, by its express terms, section 1170.95 as enacted by Senate Bill 1437 did not provide relief for a petitioner convicted of attempted murder. Section 1170.95, subdivision (a), as amended by Senate Bill 775, now provides for relief where the petitioner was convicted of "attempted murder under the natural and probable consequences doctrine" and "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a) & (a)(3).)

Gonzalez contends and the People concede we should reverse the superior court's denial of Gonzalez's petition as to his attempted murder convictions and remand for consideration of the petition in light of Senate Bill 775 because the jury was instructed on the natural and probable consequences doctrine and section 1170.95 now applies to attempted murder. We agree and reverse the order denying Gonzalez's petition and remand with directions for the court to appoint counsel for Gonzalez, to order the prosecutor to file a response to the petition and provide Gonzalez an opportunity to file a reply, and for the court to hold a hearing to determine whether Gonzalez has made a prima facie showing he is entitled to relief under amended section 1170.95,

4

and if he has, to issue an order to show cause and set an evidentiary hearing.[2]

## DISPOSITION

The order denying Gonzalez's petition for resentencing under section 1170.95 is reversed.  The matter is remanded for the superior court to appoint counsel for Gonzalez, order the prosecutor to file a response to the petition, provide Gonzalez an opportunity to file a reply, and determine whether Gonzalez has made a prima facie case for relief pursuant to section 1170.95, subdivision (c).

FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.

---

[2]     In light of the People's concession that the jury was instructed on the natural and probable consequences doctrine, the parties on remand may elect to stipulate to the issuance of an order to show cause and holding of an evidentiary hearing.